IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD PIERCE,

      Plaintiff,                        No. 2:13-cv-0482 WBS CKD PS

    vs.

STEPHEN KANE,                     ORDER AND

      Defendant.                FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

       Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

       The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

/////

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In this action, plaintiff alleges claims against four state court judges. Although plaintiff's complaint is rambling and at times incoherent, it is apparent from the exhibits attached to the complaint that plaintiff brings claims against the named defendants arising out of their conduct as judicial officers. See Complaint, Exh. D, E. Plaintiff seeks damages in the amount of five million dollars.[1] "Judges and those performing judge-like functions are absolutely immune

---

[1] Plaintiff also seeks injunctive relief against the Judicial Council of California requiring that plaintiff be removed from a vexatious litigant list maintained by the Administrative Office of the Courts ("AOC"). Neither the Judicial Council nor the AOC are named as defendants. To the extent plaintiff is requesting that a vexatious litigant order be vacated, plaintiff's claim is an impermissible collateral attack on a prior state court decision. A federal district court does not have jurisdiction to review errors in state court decisions in civil cases. Dist. of Columbia Court

1  from damage liability for acts performed in their official capacities." Ashelman v. Pope, 793
2  F.2d 1072, 1075 (9th Cir. 1986). Immunity attaches even if the acts were in error or were
3  performed maliciously. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). As all of the
4  allegations of the complaint relate to the performance of official duties integral to the judicial
5  process, defendants are absolutely immune from liability. This action should therefore be
6  dismissed with prejudice.

7  In accordance with the above, IT IS HEREBY ORDERED that plaintiff's request
8  to proceed in forma pauperis is granted; and

9  IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice.

10 These findings and recommendations are submitted to the United States District
11 Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen
12 days after being served with these findings and recommendations, any party may file written
13 objections with the court and serve a copy on all parties. Such a document should be captioned
14 "Objections to Findings and Recommendations." Any reply to the objections shall be served and
15 filed within ten days after service of the objections. The parties are advised that failure to file
16 objections within the specified time may waive the right to appeal the District Court's order.
17 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 12, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 pierce482.ifp.57

---

of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923); see also Branson v. Nott, 62 F.3d 287, 291-92 (9th Cir.1995) (finding no subject matter jurisdiction over section 1983 claim seeking, inter alia, implicit reversal of state trial court action).